**UNITED STATES of America, Plaintiff,**

v.

**Tam Minh TRAN, d/b/a Victory Food Mart, Defendant.**

**No. CIV. H–97–3170.**

United States District Court, S.D. Texas, Houston Division.

July 31, 1998.

Joe Mirsky, Office of U.S. Attorney, Houston, TX, for Plaintiff.

Allan Arnold Cease, Attorney at Law, Sugar Land, TX, for Defendant.

### ORDER

HITTNER, District Judge.

Pending before the Court is a Motion for Summary Judgment filed by the Plaintiff, the United States of America ("the Government"). After having considered the motion, the submissions, and the applicable law the Court determines that the Government's Motion for Summary Judgment should be granted.

On October 7, 1993, the Defendant, Tam Minh Tran, doing business as Victory Food Mart was authorized to participate in the Food Stamp Program by the Food and Nutrition Service (FNS) of the U.S. Department of Agriculture. In March 1995, the FNS conducted a routine compliance investigation of Victory Food Mart. The investigation consisted of three separate store visits to Victory Food Mart by an investigating aide employed by the FNS. The FNS employee posed as a customer with an Electronic Benefit Transaction (EBT) card and food stamps at Victory Food Mart between the period of March 8–11, 1995.

During the investigation, three separate transactions occurred wherein food stamp coupons were illegally exchanged for cash as well as food stamp benefits from the use of the EBT card. The Defendant as store owner and cashier participated in each of the three separate transactions in violation of the Food Stamp Program. First, on March 8, 1995 at 10:10 A.M., the Defendant exchanged $14.85 in EBT benefits for $8 cash. Second, on March 10, 1995 at 10:30 A.M., the Defendant exchanged $64 in food stamp coupons for $40 cash. Third, on March 11, 1995 at 8:50 A.M., the Defendant exchanged $100 in food stamp coupons for $60 cash. The amount exchanged in the three separate transactions totaled $178.85 in EBT food stamp benefits and coupons for $108 cash.

On May 8, 1995, the FNS notified the Defendant by mail that Victory Food Mart was being charged with violations pursuant to the Food Stamp Program which could result in the store's permanent disqualification from the Food Stamp Program. Furthermore, the FNS informed the Defendant that a civil money penalty for each violation may be imposed in lieu of permanent disqualification from the Food Stamp Program, pursuant to 7 C.F.R. § 278.6(a).[1] Eligibility for a civil money penalty required substantial evidence that Victory Food Mart had an effective policy and program in effect to prevent future violations. In addition, the letter also informed the Defendant of his right to reply to the charges outlined and to request a civil money penalty within ten days upon receipt. The Defendant did not reply to the charges contained in the letter dated May 8, 1995, and did not request a civil money penalty in lieu of permanent disqualification from the Food Stamp Program.

On May 25, 1995, the FNS notified the Defendant by mail that Victory Food Mart was permanently disqualified from the Food Stamp Program, pursuant to 7 C.F.R. § 278.6(e),[2] effective on the 10th calendar day following receipt of the letter. In addition, the Defendant was informed of his right

1. "FNS may impose a civil money penalty of up to amount [$20,000] specified in Sec. 3.91(b)(3)(B) of this title for each violation in lieu of a permanent disqualification for trafficking...". 7 C.F.R. § 278.6(a). "Trafficking" is defined as "a means the buying or selling of coupons, ATP cards or other benefit instruments for cash...." 7 C.F.R. § 271.2.

2. (e) Penalties. "FNS shall take action as follows against any firm determined to have violated the Act or regulations. For the purposes of assigning a period of disqualification, a warning letter shall not be considered to be a sanction. A civil money penalty and a disqualification shall be considered sanctions for such purposes. The FNS regional office shall: (1) Disqualify a firm permanently...." 7 C.F.R. § 278.6(e).

to request in writing an administrative review of the FNS's determination to disqualify Victory Food Mart from accepting and redeeming food stamp benefits and coupons pursuant to 7 C.F.S. § 279.5.[3]

The Defendant made a timely request in writing for an administrative review of the FNS's determination. On June 7, 1995, the FNS granted administrative review and stayed disqualification pending a final determination by the administrative review officer. The Defendant was allowed to continue accepting and redeeming food stamps pending final notice from the FNS.

On October 19, 1995, an administrative review officer of the FNS determined that the Defendant had violated the regulations of Food Stamp Program and was permanently disqualified from participation in the Food Stamp Program. Furthermore, the Defendant did not provide any substantial evidence that Victory Food Mart had an effective policy and program in effect to prevent future violations as required to qualify for a civil penalty in lieu of permanent disqualification. In addition, the FNS informed the Defendant that he had 30 days after receipt of the letter to seek judicial review by filing a complaint in the United States district court against the Government, pursuant to 7 C.F.R. § 279.10(b).[4] The Defendant made a decision not to seek judicial review of his permanent disqualification from the Food Stamp Program. Consequently, the Defendant was permanently disqualified from accepting and redeeming food stamp benefits and coupons effective November 22, 1995.

On September 19, 1997, the Government filed a complaint in this Court against the Defendant pursuant to the Federal False Claims Act ("FCA"), 31 U.S.C.A. § 3729, et seq. The Government contends that the Defendant redeemed food stamp benefits and coupons that were exchanged illegally and then presented to a financial institution to be paid by the Treasury of the United States which created a loss to the Government. The Government further contends that the Defendant knowingly defrauded the Government by obtaining a false claim paid and is liable for damages pursuant to the False Claims Act.

■ On October 17, 1997, the Defendant filed an Answer to the allegations of the Complaint in which he challenged the violations under the Food Stamp Program and the False Claims Act. The Defendant argues that he did not violate any regulations of the Food Stamp Program and was permanently disqualified unjustly. The Court determines that the Defendant's argument is without merit because the he has failed to exhaust his administrative remedies. Specifically, the Defendant failed to seek judicial review of the charges against him by filing a timely complaint in the United States District Court against the Government challenging the FNS's decision. In addition, the Court determines that the FNS's decision to permanently disqualify the Defendant from the Food Stamp Program is final pursuant to 7 C.F.R. § 278.6(n) which provides that the "determination of the FNS regional office shall be final and not subject to further administrative or judicial review unless a written request for review is filed [within 10 days of the date of delivery of the notice of the action for which administrative review is requested and within 30 days of date of delivery of notice for judicial review] . . . ."

Furthermore, the Defendant is precluded from requesting a de novo trial from this Court pursuant to 7 C.F.R. § 279.10(c) because he failed to timely file a complaint in

---

**3.** (b) Content of requests. "Requests for review shall be in writing and shall state the name and business address of the firm involved, and the name, address and position with the firm of the person who signed the request. The request shall be signed by the owner of the firm, an officer or partner of the firm, or by counsel, and need not be under oath." 7 C.F.R. § 279.5(b).

**4.** (a) Filing for judicial review. "A firm aggrieved by the determination of the administrative review officer may obtain judicial review of the determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the administrative review officer in accordance with § 279.8(e); otherwise the determination shall be final." 7 C.F.R. § 279.10(b).

the United States district court. Section 279.10(c) provides that a:

[S]uit in the U.S. district court or in the State court, as the case may be, shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action. If the court determines that the administrative action is invalid, it shall enter a judgment or order which it determines is in accordance with the law and the evidence.

Since the Defendant failed to timely file a complaint against the Government contesting the FNS's findings for permanent disqualification from the Food Stamp Program, the Court decides not to revisit the FNS's decision and address the Government's motion for summary judgment.

The Government contends that its summary judgment motion should be granted pursuant to the Federal Rules of Civil Procedure 56(c), which states "when there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." FED. R CIV. PRO. 56(c). The Government contends that there are no disputed issues as to any material facts pertaining to the Defendant's violations of the False Claims Act. In addition, the Government contends that because of the finality of the FNS administrative review officer's determination and the Defendant's decision not to seek judicial review, the Government motion for summary judgment should be granted. See Abdelkhalik v. United States, 1996 WL 41234 (N.D.Ill. January 30, 1996). "The Court may terminate litigation by rendering a summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir.1987).

■ The purpose of the False Claims Act is "to protect funds and property of the government from fraudulent claims, regardless of the particular form or function of the government instrumentality upon which such claims were made." Rainwater v. United States, 356 U.S. 590, 592, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958). The Government filed a complaint pursuant to the False Claims Act to recover monetary losses from the illegal exchange of food stamp benefits and coupons for cash. The False Claims Act provides that "any person who knowingly presents, or causes to be presented to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval ... is liable to the United States Government for a civil penalty of not less than $5000 and not more than $10,000, plus three times the amount of damages which the Government sustains because of the act of the person ...". 31 U.S.C. § 3729(a)(1). Thus, under the False Claims Act the Government is required to prove each element of a claim by a preponderance of evidence standard. United States v. Truong, 860 F.Supp. 1137, 1140 (E.D.La.1994). A claim pursuant to the False Claims Act requires proof of the following elements: "1) that the defendant 'knowingly presents or causes to be presented, to an officer or employee of the government a false or fraudulent claim for payment or approval'; 2) that the claim was false or fraudulent; 3) that the defendant knew the claim was false and fraudulent; and 4) the United States suffered damages as a result of the false or fraudulent claim." 31 U.S.C.A. § 3729(a).

The Government contends it has proven each element of a false claim by preponderance of evidence and is further supported by the findings of the administrative review officer of the FNS which permanently disqualified the Defendant from the Food Stamp Program. The same underlying facts and violations for permanent disqualification of the Food Stamp Program constitute violations under the False Claims Act.

■ The Defendant in his Answer denied allegations that he knowingly presented a false claim for payment to the Government. Under the False Claims Act, "knowing" and "knowingly" is defined with respect to information as a person who: "1) has actual knowledge of the information; 2) acts in deliberate ignorance of the truth or falsity of the information; or, 3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required." 31 U.S.C.A. § 3729(b)(1–3).

In support of its argument that Defendant violated the FCA the Government offers the following evidence. First, the Government

contends that Tran knowingly submitted a false claim for payment because he had previously taken the required Food Stamp Program Quiz prior to his acceptance into the program and had correctly answered question 7: "You may not exchange food stamps for cash." *See* Government's Exhibit # 2. Further, the fact that Tran accepted greater amounts of EBT benefits and food stamps than the cash he gave to the investigative aide further bolsters the Government's claim that he acted knowingly.

█ With respect to the Government's burden of proof that Tran submitted a false claim for payment, the Government argues that Tran was identified in each separate transaction by the FNS's investigative aide as the individual exchanging food stamp benefits and coupons for cash. *See* Government's Exhibit # 9. Further, the Government offers EBT receipts and food stamp serial numbers establishing that Tran ultimately redeemed the EBT benefits for cash at his bank. *See* Exhibit # 9. "[A]cquiring, possessing, and presenting illegally obtained food stamps for redemption constitutes a claim and is a violation within the meaning of the Claims Act." *Truong,* 860 F.Supp. at 1139. The Defendant redeemed the food stamp benefits and coupons for payment knowing that the food stamps were obtained illegally by exchanging them for cash. In addition, "presenting for redemption illegally obtained food stamps is a 'claim,' within the meaning of False Claims Act, and violates the Act." *Truong,* 860 F.Supp. at 1137.

The Government seeks a total recovery of $15,536.55 against the Defendant. This amount is based on the fact that the Defendant redeemed food stamp benefits and coupons that were exchanged illegally and then presented to a financial institution to be paid by the Treasury of the United States. The "liability under the False Claims Act is triple the amount of actual damages suffered by the United States, plus a 'civil penalty' of $5,000 to $10,000 for each violation." 31 U.S.C.A. § 3729(a)(1). Therefore, the minimum amount of damages the Government may recover is $15,536.55 ($178.85 actual damages times triple the amount is $536.55, plus a civil penalty of $5000 for each of the three separate violations). The maximum amount of damages the Government may

recover is $30, 536.55 ($178.85 actual damages times triple the amount is $536.55, plus a civil penalty of $10,000 for each of the three separate violations). The Court determines that the Government has established that Tran violated each element of the FCA with respect to the EBT transactions on March 8, 1995 in the amount of $14.85, on March 10, 1995 in the amount of $64.00 and on March 11, 1995 for $100.00. The Court determines that the Government should recover the minimum amount due under the False Claims Act, $15,536.55.

Therefore, based on the forgoing, the Court hereby ORDERS that the Government's Motion for Summary Judgment is GRANTED. The Government shall recover against the Defendant in the total amount of $15,536.55.